UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY PETER AUTHEMENT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4618** |
| **PARISH OF TERREBONNE, STATE OF LOUISIANA, SHERIFF OF TERREBONNE PARISH, TPCJC, MEDICAL DEPARTMENT IN TPCJC, CPRL. MATTHEW JACCUZZO, WARDEN LEE ROY LIRETTE JR.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a **Motion for Appointment of Counsel (Rec. Doc. No. 41)** filed by the *pro se* plaintiff, Terry Peter Authement, Jr. Authement alleges in the motion that he needs counsel to assist him because he is indigent and has limited access to the law library at the prison. He also argues that he is unsure of how to prepare a pretrial order and that the case is complex. He also indicates that he has been unable to retain counsel on his own.[1]

A District Court should only appoint counsel in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The plaintiff's case is not one. The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case

---

[1] Rec. Doc. Nos. 44, 49.

adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

Authement filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the numerous officials at Terrebonne Parish Criminal Justice Complex seeking damages and other relief as the result of the alleged use of excessive force and denial of medical care. The claims presented by Authement are based on factual situations as opposed to complexities of the law. He has presented detailed accountings of his claims in the pleadings and his *Spears* testimony. He does not demonstrate a need for further investigation or extensive discovery.

Although he is not skilled in the law, he more than adequately has presented his facts and arguments in his various pleadings and motions considered by the Court. He is not required to conduct extensive legal research in order to present the facts of his case at trial. In addition, his pro se filed pleadings demonstrate that he has a clear understanding of the basic law regarding the claims he raises. He is not in need of further assistance at the non-jury trial before the Court.

In addition, this Court has not ordered the plaintiff to prepare a pretrial order. The Court did not authorize or instruct the clerk of court to issue a pretrial notice. Any such document served on the parties with the Court's scheduling order was error on the part of the clerk of court.

For the foregoing reasons, Authement has not established a need for appointment of counsel in this case and his motion will be denied. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405,

412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). Accordingly,

**IT IS ORDERED** that Authement's **Motion for Appointment of Counsel (Rec. Doc. No. 41)** is **DENIED**.

New Orleans, Louisiana, this ___2nd___ day of November, 2010.

 

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**